## J. W. HENRY *v.* ANDERSON W. JONES, ETC.

**Judicial Sales—Right of Heir to Redeem—Statute of Limitation.**

> The right to redeem the land was secured to his wife as well as to Pagett, and if she died before the expiration of the term, leaving her only heir an infant, the right passed to the heir, and her infancy saved the running of the statute. So even if it was a conditional sale, the appellee had a right to redeem the land, as it is alleged— and not denied in the answer—that Mrs. Jones was a minor when the suit was brought. The statute of limitations is no bar on account of the non-age of Mrs. Jones.

### APPEAL FROM HARRISON CIRCUIT COURT.

May 25, 1871.

OPINION BY JUDGE PETERS:

Waiving the consideration of the question of the sufficiency of Mrs. Pagett's acknowledgment of the deed to pass her inheritance, we are satisfied that the transaction between Wm. Pagett and appellant was a contrivance of the latter to secure an enormous rate of interest for the loan of two hundred dollars by requiring four hundred dollars to be repaid within two years for the redemption of the land, and that the conveyance should be treated as a mortgage.

Two hundred dollars were advanced when the contract was entered into, to-wit, the 15th of January, 1851, and the privilege of redeeming the land was secured to Pagett in the writing by paying to Henry four hundred dollars at any time within two years, and if Pagett failed to pay the four hundred dollars within the two years, Henry was to pay him one hundred dollars more and have the land.

Before the time expired for the redemption of the land Mrs. Pagett died, and her husband then had at most but a life estate

if he redeemed it, and at his death the land would pass to appellee, Louisa, the only child, and heir at law of his wife. The motive therefore to redeem with him might have been greatly weakened, and the chance to get to himself a hundred dollars more may have been an inducement to abondon the right to redeem altogether. His child and heir of his wife was an infant of tender years. She could not redeem although the right to do so was in her if her father failed to do it.

It is insisted that the price paid for the land at the date of the transaction was a fair and full consideration. If that be so why were four hundred dollars exacted as the price of redemption? There is but one solution of the question, and that is, appellant was determined to secure to himself an enormous rate of interest for his money, or hold the land.

The right to redeem the land was secured to his wife as well as to Pagett, and if she died before the expiration of the term, leaving her only heir, an infant, the right passed to the heir, and her infancy saved the running of the statute. So that even if it were a conditional sale the appellees had a right to redeem the land as it is alleged and not denied in the answer that Mrs. Jones was a minor when the suit was brought. So that in either aspect of the case the right of appellee is clear. The statute of limitation is no bar on account of the non-age of Mrs. Jones.

Wherefore the judgment is affirmed.

*Hodges, for appellant.*

*A. H. Ward, J. S. Boyd, for appellee.*